**Ex Parte Jimmie Mark PARROTT, Jr., Applicant.**

**No. AP–76,647.**

Court of Criminal Appeals of Texas.

Jan. 9, 2013.

Dissenting Opinion on Denial of Rehearing March 27, 2013.

Adam Brown, Houston, TX, for Appellant.

Andrew J. Smith, Assistant District Attorney, Houston, Lisa C. McMinn, State's Attorney, TX, for State.

## OPINION

ALCALA, J., delivered the opinion of the Court in which KELLER, P.J., and PRICE, WOMACK, JOHNSON, and COCHRAN, JJ., joined.

In this case, we decide that an applicant must prove harm to obtain relief in a writ of habeas corpus premised on an illegal-sentence claim. Here, Jimmie Mark Parrott, applicant, raises an illegal-sentence claim based on the State's improper use of a prior conviction for enhancement purposes. We deny relief because the habeas record establishes that applicant was previously convicted of other offenses that support the punishment range within which he was admonished and sentenced; therefore, he has failed to demonstrate harm.

## I. Background

At his plea hearing, applicant was admonished that the single enhancement allegation in the indictment increased the punishment range of his third-degree-felony offense—2 to 10 years' imprisonment—to that of a second-degree felony—2 to 20 years' imprisonment. *See* TEX. PENAL CODE §§ 12.33(a), 12.34(a), 31.03(e)(5). He pleaded guilty to the offense and true to

the enhancement allegation. In accordance with his plea-bargain agreement with the State, the trial court found him guilty and the enhancement true and sentenced him to 15 years' imprisonment.

After his appeal was dismissed,[1] applicant filed this application for a writ of habeas corpus. Among his complaints, he challenges the legality of his sentence on the basis that the enhancement paragraph alleged a prior conviction for a state-jail felony, which the State could not properly use to enhance the punishment range of his third-degree-felony offense. *See* former TEX. PENAL CODE § 12.42(a)(3) (West 2009) (permitting punishment of third-degree felony as second-degree felony if "defendant has once before been convicted of a felony"); *see also Campbell v. State*, 49 S.W.3d 874, 878 (Tex.Crim.App.2001) (explaining that state-jail felony could not enhance first-, second-, or third-degree felony because, "as used in subsection 12.42(a), the terms 'felony' and 'state jail felony' are mutually exclusive").[2] He contends that his 15–year sentence, therefore, exceeds the 10–year maximum authorized for third-degree-felony convictions. *See* TEX. PENAL CODE § 12.34(a).

In response, the State does not dispute that it improperly used the prior state-jail felony to enhance applicant's punishment.[3] It only challenges his failure to prove

1. Applicant waived his appeal pursuant to the plea bargain, and the court of appeals, therefore, dismissed his appeal. *See Parrot v. State*, No. 14–10–00160–CR, 2010 WL 1236399, 2010 Tex.App. LEXIS 2363 (Tex.App.-Houston [14th Dist.] Apr. 1, 2010, no pet.) (mem. op., not designated for publication) (citing TEX.R.APP. P. 25.2(a)(2)).

2. Former Texas Penal Code Section 12.42(a)(3) is the statute applicable to our analysis of this case. *See* former TEX. PENAL CODE § 12.42(a)(3) (West 2009). That statute has since been amended to explicitly permit

punishment of a third-degree felony as a second-degree felony if "the defendant has previously been finally convicted of a felony other than a state jail felony...." TEX. PENAL CODE § 12.42(a), *amended by* Act of May 25, 2011, 82nd Leg., R.S., ch. 834, § 7 (H.B. 3384), effective September 1, 2011 (amendments apply only to an offense committed after effective date).

3. We do not reach the State's alternative argument that applicant is estopped from raising an illegal-sentence claim.

harm. The State's habeas evidence establishes that applicant had been previously convicted of three felonies, each of which could have properly been used to enhance the punishment range of his third-degree-felony offense to at least that of a second-degree felony.[4] *See* former TEX. PENAL CODE § 12.42(a)(3), (d) (West 2009). Applicant does not contest that evidence.

The trial court entered findings of fact and conclusions of law recommending that this Court deny relief. The trial court concluded that applicant's sentence was authorized by law because his "sentence is within the range of punishment as he has previous convictions that could take the place of the invalid enhancement." [5]

## II. Applicant Has Not Established Harm from the Erroneous Enhancement Allegation

### A. Law Applicable to Illegal–Sentence Claims

A claim of an illegal sentence is cognizable in a writ of habeas corpus. *Ex parte Rich*, 194 S.W.3d 508, 511 (Tex.Crim. App.2006). An illegal sentence is one that is not authorized by law; therefore, a sentence that is outside the range of punishment authorized by law is considered ille-

gal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex.Crim.App.2003); *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex.Crim.App.1996).

The parties dispute whether a habeas applicant must demonstrate harm in an illegal-sentence case. The general rule is clear, however, that an applicant must show harm to obtain habeas relief: "[A] post-conviction habeas corpus application must allege facts which show both a cognizable irregularity and harm." *Ex parte Tovar*, 901 S.W.2d 484, 486 (Tex. Crim.App.1995). An applicant demonstrates harm with proof "by a preponderance of the evidence that the error contributed to his conviction or punishment." *Ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Crim.App.2001).

Proof of harm may be developed through evidence beyond the appellate record. The introduction of new evidence is a key distinguishing feature of habeas corpus. *See Rouse v. State*, 300 S.W.3d 754, 762 n. 17 (Tex.Crim.App.2009). It affords the parties the opportunity to support a claim " 'by information from sources broader than the appellate record.' " *Id.* (quoting *Cooper v. State*, 45 S.W.3d 77, 82 (Tex.Crim.App.2001)).[6] It

---

4. These prior felony convictions included convictions for aggravated robbery, theft by receiving, and arson, all of which are third- or second-degree felonies.

5. The application also raised a claim of ineffective assistance of counsel, but this Court did not file and set that claim. Applicant suggests that his attorney performed deficiently by advising him to plead true to an enhancement paragraph that could not properly be used to enhance his punishment for this offense. The record does not support that claim. Applicant's criminal history shows that he is a habitual offender potentially subject to a statutory minimum sentence of 25 years in prison. *See* TEX. PENAL CODE § 12.42(d). Counsel secured him a 15–year sentence, which was 10 years below the po-

tential minimum range. Had counsel challenged the enhancement paragraph because it alleged a state-jail felony rather than a higher-grade felony, this might have prompted the State to use applicant's other prior felony convictions, thereby subjecting him to a substantially higher punishment range. Applicant's pleas of guilty and true enabled him to receive the lesser punishment to which he agreed in his plea bargain. Because this pleading error may well have benefitted him, applicant cannot show that he received ineffective assistance of counsel.

6. Applicant cites to many direct-appeal cases that hold that sufficiency error is not subject to harm analysis. *See, e.g., Jordan v. State*, 256 S.W.3d 286, 291 (Tex.Crim.App.2008); *Fletcher v. State*, 214 S.W.3d 5, 8–9 (Tex.

also affords the habeas judge, and ultimately this Court, an opportunity to evaluate that evidence. While this post-conviction evidentiary mechanism frequently benefits defendants by enabling them to introduce new evidence favorable to them, it may also subject them to the introduction of unfavorable evidence. *Compare Ex parte Henderson*, 384 S.W.3d 833, 834 (Tex.Crim.App.2012) (Henderson's habeas evidence cast sufficient doubt on reliability of conviction so as to warrant relief), *with Ex parte Nycum*, 614 S.W.2d 140, 141 (Tex.Crim.App.1981) (in response to Nycum's habeas claim that trial court abused its discretion in denying bail, State introduced evidence of his 16 prior felony convictions, and relief was denied). Here, the State introduced evidence during the habeas proceedings demonstrating that applicant, a three-time felon, was not harmed by the error, evidence that applicant does not contest and that the habeas court has found reliable.

Citing *Ex parte Rich*, applicant argues that, in an illegal-sentence case, a habeas applicant need not show harm. 194 S.W.3d at 510–12. In *Rich*, this Court granted habeas relief on Rich's ineffective-assistance claim based on his counsel's failure to investigate the eligibility of his prior convictions for enhancement purposes. *Id.* at 510–11. Rich's sentence was illegal because the prior conviction that the State used to enhance his punishment to the habitual-offender range was a misdemeanor, which did not support that type of

enhancement. *Id.* at 511. Vacating his conviction, the Court explained that, "when a plea-bargain agreement calls for a sentence much greater than that authorized by law, we must allow the defendant to withdraw his plea because there is no way of knowing whether the State would have offered a plea bargain within the proper range of punishment that he deemed acceptable, or whether he would have decided to proceed to trial." *Id.* at 514.

*Rich* does not stand for the proposition that harm analysis is unnecessary in an illegal-sentence case, but rather supports the contrary position. Without labeling it a harm analysis, the Court specifically considered the absence of other convictions that could have been used to enhance *Rich*'s sentence. *Id.* at 510. It stated,

[T]his Court entered an order requiring the trial court to determine whether there were any other prior felony convictions that could have been substituted for the misdemeanor that was improperly used for enhancement. The trial court filed Supplemental Findings of Fact and Conclusions of Law, finding that neither of Applicant's other prior felony convictions could have been properly substituted for the prior felony conviction. The trial court concluded that Applicant's third-degree felony could have been enhanced to a second-degree felony, at most.

*Id.* at 510–11. Based on the absence of any prior convictions that would have sup-

Crim.App.2007); *Russell v. State*, 790 S.W.2d 655, 656 (Tex.Crim.App.1990); *Scott v. State*, 553 S.W.2d 361, 364 (Tex.Crim.App.1977). Those cases, however, are inapplicable because of three procedural differences between direct appeals and habeas corpus. First, on direct appeal, neither party has the burden to prove harm, but in habeas proceedings, a defendant has the burden to demonstrate harm. *See Ovalle v. State*, 13 S.W.3d 774, 787 (Tex.Crim.App.2000). Second, habeas is

an extraordinary remedy premised on equity and not on error correction as is the focus of direct appeal. *See Blanton v. State*, 369 S.W.3d 894, 903 (Tex.Crim.App.2012). Third, in determining whether relief is warranted in habeas proceedings, the court reviews not only evidence contained in the appellate record, but also evidence beyond that record. *See Rouse v. State*, 300 S.W.3d 754, 762 n. 17 (Tex.Crim.App.2009).

ported Rich's enhanced sentence, the Court observed, "There is a great disparity between the sentence of 25 years for which Applicant pleaded guilty and the possible sentences within the proper range of punishment which he could have received, either by pleading guilty or going to trial." *Id.* at 514. This analysis is, functionally, a harm analysis: The Court examined the habeas record to determine whether Rich had other prior convictions that the State could have properly used to enhance his sentence or, stated differently, whether Rich was actually harmed by the erroneous enhancement. *See id.*[7]

We conclude that *Rich* stands for the propositions that, in general,

(1) an applicant is harmed by an illegal sentence when the appellate and habeas records show that he has no other conviction that could support the punishment range within which he was sentenced; and

(2) an applicant is not harmed by an illegal sentence when the appellate and habeas records show that there was another conviction that could properly support the punishment range within which he was sentenced.

*See id.* at 510–14. *Rich*, therefore, does not support applicant's position in these proceedings.

**B. Applicant Fails to Establish That He Was Harmed**

**1. Applicant's Actual Criminal History Supports His Sentence**

The habeas record reveals that applicant's sentence was within a punishment range supported by his actual criminal history, admonishments, and plea bargain. He was properly admonished that a third-degree felony becomes punished as a second-degree felony when a defendant has been previously convicted of a felony that is third-degree or higher. *See* former TEX. PENAL CODE 12.42(a)(3) (West 2009); *Campbell*, 49 S.W.3d at 878. He pled true to a punishment-enhancement paragraph that the parties agreed would enhance his punishment to a second-degree felony. And he entered into a plea bargain with an agreed sentence of 15 years in prison, which was a term within the punishment range of which he was admonished. The State has introduced evidence in the habeas record of alternative, prior felony convictions, which the habeas judge, who was also the trial judge, has found could properly have been used to enhance applicant's punishment.

Importantly, applicant has presented no evidence revealing any legal impediment to the use of his prior felony convictions for enhancement purposes. The trial and habeas records show that he was actually sentenced within a more lenient punishment range than the maximum range supported by his criminal history. *See* TEX. PENAL CODE § 12.42(d) (permitting, on trial of third-degree-felony offense, enhancement of punishment range to 25 to 99 years' confinement upon showing of two final, sequential felony convictions); *Williams*, 65 S.W.3d at 658 (noting that illegality of Williams's probation "did not contribute to his conviction or punishment. Rather, it did just the opposite—detracted

7. The Court stated, in a footnote, that harm analysis was "unnecessary" in that case because it was "obvious that Applicant has suffered harm" since his sentence exceeded the statutory maximum. *Ex parte Rich*, 194 S.W.3d 508, 513 n. 8 (Tex.Crim.App.2006). That note, however, is inconsistent with the analysis in the body of the opinion, in which the Court considered whether "there were any other prior felony convictions that could have been substituted for the misdemeanor that was improperly used for enhancement." *Id.* at 510–11.

from his punishment by allowing him a suspended sentence when he was not entitled to one."). Applicant entered into a plea-bargain agreement with the State to receive the sentence that he did receive, with the understanding that a prior criminal conviction was the basis of his enhanced punishment range. And he was properly admonished to the range of punishment supported by his criminal history. Because the entirety of the record supports a second-degree punishment, applicant has not shown that he was harmed by the error.

### 2. Lack of Notice Does Not Constitute Proof of Harm

■ Applicant suggests that he has suffered harm because he was denied timely notice of the State's intent to use those alternative prior convictions for enhancement purposes. In the context of direct appeal, lack of notice may result in harm, but lack of notice is not, in and of itself, harm. *See Geter v. State*, 779 S.W.2d 403, 407 (Tex.Crim.App.1989) (explaining that lack of requisite notice does not result in automatic reversal of conviction, but is subject to harm analysis). Rather, on direct appeal, a reviewing court must determine whether inadequate notice "had an impact on the defendant's ability to prepare a defense and, if so, how great an impact it was." *Id.*

This Court's view regarding the type and degree of notice to which a defendant is entitled has changed considerably over the last several decades. Forty years ago, this Court required the State to allege every conviction that it intended to use for enhancement purposes in the indictment or else forgo use of those convictions for enhancement purposes. *See White v. State*, 500 S.W.2d 529, 530 (Tex.Crim.App.

1973) ("[O]nly the convictions alleged in the indictment were available to the State for enhancement"). In light of this requirement, this Court held that a defendant was harmed when his enhanced punishment was premised on an invalid prior conviction even when the record revealed another prior conviction not alleged in the indictment that could have properly been used to enhance. *See Ex parte Hall*, 546 S.W.2d 303, 305 (Tex.Crim.App.1977); *Scott v. State*, 553 S.W.2d 361, 364 (Tex. Crim.App.1977).

■ But times have changed. This Court no longer requires that notice be provided by allegations in a charging instrument, nor does it require that it be given prior to trial. *See Brooks v. State*, 957 S.W.2d 30, 34 (Tex.Crim.App.1997) ("[P]rior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment."); *Pelache v. State*, 324 S.W.3d 568, 577 (Tex.Crim.App. 2010). In a direct-appeal context, this Court has held that a defendant's federal constitutional due-process rights are not violated by post-guilt, pre-punishment-phase notice of the State's intent to enhance his punishment with a prior conviction. *Pelache*, 324 S.W.3d at 577. Even when a defendant receives notice after he has been convicted, his due-process rights are not violated as long as notice is sufficient to enable him "to prepare a defense to them," and he is afforded an opportunity to be heard. *Id.* ("In determining whether appellant received sufficient notice of the State's intent to enhance punishment, we look to the record to identify whether appellant's defense was impaired by the timing of the State's notice.").[8]

■ At this stage of the post-conviction habeas proceedings, applicant has

---

8. *See also Oyler v. Boles*, 368 U.S. 448, 452, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962) ("[A] defendant must receive reasonable notice and

an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial

received notice of the prior convictions that support the punishment range within which he was sentenced, and he may no longer assert a trial-error complaint premised on inadequate notice.[9] The State's response to his application provided him notice of the State's intent to support the propriety of his sentence with his other prior convictions.[10] Not only has he received adequate notice of his convictions that support the punishment range within which he was sentenced, applicant has had the opportunity in these proceedings to dispute that those prior convictions support the trial court's judgment. Applicant could have challenged the validity of those convictions and requested an evidentiary hearing to enable the trial court to resolve any factual dispute, but he has not. The habeas record, therefore, reveals multiple, alternative, prior convictions that support his enhanced sentence, as the trial court stated in its findings of fact and conclusions of law.

■■■ Applicant has failed to contest the State's evidence that establishes that his actual criminal history supports the range of punishment within which he sentenced and properly admonished. Granting applicant relief would serve only to provide him an additional opportunity to contest prior convictions that the trial court, in these proceedings, has already determined are valid. Granting relief to a defendant who is only fictionally harmed is contrary to the type of relief for which the great writ, an extraordinary remedy, was intended. *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim.App.2007) ("Habeas corpus is an extraordinary remedy and is available only when there is no other adequate remedy at law."). Although he has demonstrated a cognizable error, applicant has failed to establish that he was harmed by that error because his sentence is in accordance with his criminal history, admonishments, and plea-bargain agreement. *See Tovar*, 901 S.W.2d at 486.[11]

### III. Conclusion

Applicant has failed to meet his burden to show that he was actually harmed by

on the substantive offense"); *Villescas v. State*, 189 S.W.3d 290, 294–95 (Tex.Crim.App. 2006) (defendant given sufficient notice because, "[l]ike the defendants in *Oyler*, appellant in this case had no defense to the enhancement allegation—he stipulated to the prior conviction.").

9. An inadequate-notice complaint is forfeited if not preserved at trial. *See Fisher v. State*, 887 S.W.2d 49, 55–56 (Tex.Crim.App.1994) (substantive pleading defects subject to procedural default); *Ex parte Patterson*, 969 S.W.2d 16, 20 (Tex.Crim.App.1998) ("Applicant's failure to object to the error in the enhancement portion of the indictment [that rendered the indictment voidable] waived the error by procedural default.").

10. The State's response to the application provides,

[T]he applicant has several prior felony convictions that could have been substituted in the improper enhancement's place. Specif-

ically, the applicant has been previously convicted of the offense of aggravated robbery out of the 178th District Court of Harris County, Texas, in cause number 344734 on November 12, 1982.... The applicant has also been previously convicted of the felony offense of theft by receiving out of the 178th District Court of Harris County, Texas, in cause number 417926 on June 14, 1985.... Furthermore, the applicant was convicted of the felony offense of arson out of the 284th District Court of Montgomery County, Texas, in cause number 95–05–00693–CR.... Any of the three aforementioned convictions could have been substituted for the improper enhancement and the applicant's sentence of fifteen years would not be illegal.

11. This opinion is limited to post-conviction habeas claims challenging the legality of a sentence. Proof of other convictions in a habeas record that could support an erroneous punishment range may not necessarily preclude relief on a different habeas claim.

the erroneous enhancement. We deny relief.

MEYERS, J., filed a dissenting opinion.

HERVEY, J., filed a dissenting opinion in which KEASLER, J., joined.

MEYERS, J., filed a dissenting opinion.

By concluding that Applicant must prove harm to obtain relief in a writ of habeas corpus premised on an illegal-sentence claim, the majority essentially created a new law without any basis. In effect the majority has done nothing. The majority determined that Applicant failed to prove harm because he had been previously convicted of other offenses that support the punishment range within which he was previously admonished and sentenced. That is not a measure of lack of harm, but just an opinion of how the State could have gotten it right. The State is not entitled to do it over and we have no clue as to whether or not the other final convictions were valid. The habeas judge found that *based on the record* there were alternative, prior felony convictions that could have been used to enhance Applicant's punishment.

What right does this judge have to say that these prior convictions were valid? And where does the majority leave Applicant now?

Well this guy is now completely out of luck because he cannot appeal this denial and he cannot file another writ. Yet, there is no final judgment and he is still serving an illegal sentence. The majority did not correct the problem or substitute another offense to enhance his punishment, and we do not even know whether any of the alternative prior felony convictions were valid. Instead of creating new law, the majority should have vacated the plea.

With these comments, I respectfully dissent.

HERVEY, J., filed a dissenting opinion in which KEASLER, J., joined.

I respectfully dissent. The majority holds that Applicant has failed to show harm because he "was previously convicted of other offenses that support the punishment range within which he was admonished and sentenced," but it discounts the unique nature of plea-bargained agreements and is inconsistent with our treatment of other plea-bargain situations. Applicant is facing an illegal sentence pursuant to his plea-bargain, and the notions of due process require that we allow Applicant to withdraw his plea.

## I. BACKGROUND

On October 5, 2009, Applicant was indicted for the third-degree-felony offense of theft over $20,000 and less than $100,000. *See* TEX. PENAL CODE § 31.03(e)(5). The indictment also alleged two enhancement paragraphs. The first paragraph alleged that Applicant had been previously convicted of the unauthorized use of a motor vehicle in Harris County on February 17, 1997, and the second alleged that Applicant had been previously convicted of theft in Harris County on May 12, 1999. Both prior convictions were state-jail felonies. *See* TEX. PENAL CODE § 31.03(e)(4)(A) (1999); TEX. PENAL CODE § 31.07(b) (1997).

On January 21, 2010, Applicant entered into a plea agreement with the State. The plea papers reflect that the State abandoned the first enhancement paragraph, which alleged the unauthorized use of a motor vehicle. That enhancement paragraph was scratched out, and a handwritten notation read, "State abandons this enhancement." However, the State proceeded with the second enhancement

paragraph, which alleged Applicant's previous theft conviction. Although the State initially drew a single line through the second enhancement paragraph and added a hand-written notation stating, "State abandons enhancement," that notation was subsequently crossed out, and another notation was added confirming, "This enhancement is valid." Consistent with the plea papers, Applicant initialed the following admonishment:

THIRD DEGREE FELONY WITH ONE ENHANCEMENT: if a third degree felony is enhanced with one prior felony conviction a term of not more than 20 years or less than 2 years in the [I]nstitutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000.00 may be assessed[.]

On January 22, 2010, in accordance with the terms of the plea-bargain agreement, the trial court sentenced Applicant to fifteen years' confinement in the Texas Department of Criminal Justice—Institutional Division (TDCJ–ID), a sentence within the second-degree-felony punishment range.[1] Initially, the face of the judgment was silent as to how Applicant pled to the enhancement paragraphs and the trial court's finding as to each. However, the trial court, on its own motion, entered a judgment nunc pro tunc correcting the judgment to reflect that the first enhancement paragraph was abandoned and that Applicant entered a plea of true to the second enhancement paragraph.[2]

Applicant had been previously convicted of three felonies. Specifically, Applicant was convicted of the felony offense of aggravated robbery in Harris County on November 12, 1982, the felony offense of theft by receiving in Harris County on June 14, 1985, and the felony offense of arson in Montgomery County on March 12, 1998.

Applicant filed a notice of appeal, but the appeal was dismissed because he had no right to appeal per the plea-bargain agreement. *Parrot v. State,* No. 14–10–00160–CR, 2010 WL 1236399, 2010 Tex. App. LEXIS 2363 (Tex.App.-Houston [14th Dist.] Apr. 1, 2010, no pet.) (memo. op., not designated for publication). A second appeal was also dismissed. *Parrot v. State,* No. 14–11–00450–CR, 2011 WL 2434048, 2011 Tex.App. LEXIS 4546 (Tex. App.-Houston [14th Dist.] June 16, 2011, no pet.) (memo. op., not designated for publication).

On December 27, 2010, Applicant filed this application for writ of habeas corpus[3] and alleged, *inter alia,* that his sentence was not authorized by statute. Applicant argues that the two listed enhancements were state-jail felonies, which could not have been used to enhance the punishment range for his third-degree felony offense. Thus, Applicant alleges that his sentence was illegal because the range for a third-degree felony (unenhanced) is two to ten years.

The trial court entered findings of fact and conclusions of law recommending that relief be denied because Applicant has been previously convicted of other felony

---

1. *See* TEX. PENAL CODE § 12.42(a) (1999). The punishment for a second-degree felony is "imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years." *Id.* § 12.33(a).

2. The judgment nunc pro tunc also added two days of extra jail credit.

3. Applicant has filed two prior mandamus applications and one prior habeas application regarding this cause. The prior habeas application was dismissed because it was filed while the direct appeal was *still* pending in this case. *Ex parte Parrott,* No. WR–45,442–04 (Tex.Crim.App.2010). This application is therefore the first habeas application that will be addressed on the merits for this case.

offenses that could be substituted for the improper enhancements. We ordered that this application be filed and set for submission to determine the following: (1) whether the consideration of an illegal sentence claim raised on habeas corpus is confined to the enhancement paragraphs listed in the charging instrument or whether, if other convictions were available at the time of sentencing, the enhanced punishment range would be proper even though the convictions listed as enhancements in the charging instrument were not available for use for some reason; and (2) whether a defendant is estopped from raising an illegal sentence claim when he knew at the time of sentencing that the enhancement paragraph as alleged was improper, but agreed to the sentence pursuant to a plea bargain agreement. *Parrot v. State,* No. AP–76,647, 2011 WL 2434048, 2011 Tex. Crim.App. Unpub. LEXIS 728 (Tex.Crim. App. Sept. 28, 2011) (per curiam, not designated for publication). We also requested that the parties brief these issues. *Id.*

## II. ESTOPPEL

It is necessary to initially determine whether Applicant is estopped from raising his illegal-sentence claim in this writ application. Rather than address the issue we granted, the majority summarily dismisses it by failing to address it. I will address this point, however, not only because we granted the issue but because it is a doctrine that could prove important in future cases.

"[E]stoppel is a flexible doctrine that manifests itself in various forms that are not limited to unilateral requests." *See Rhodes v. State,* 240 S.W.3d 882, 891 (Tex. Crim.App.2007). In *Rhodes,* we addressed the two types of estoppel relied on by the State in this case: estoppel by judgment and estoppel by contract. Estoppel by judgment provides that "[o]ne who accepts the benefits of a judgment, decree, or judicial order is estopped to deny the validity or propriety thereof, or of any part thereof, on any grounds; nor can he reject its burdensome consequences." *Id.* (quoting 31 C.J.S. *Estoppel & Waiver* § 130). The only exception to this is for challenges to the subject-matter jurisdiction of the court rendering the judgment. *Id.* Estoppel by contract means that "a party who accepts benefits under a contract is estopped from questioning the contract's existence, validity, or effect." *Id.* (citing 31 C.J.S. *Estoppel & Waiver* § 124).

In *Rhodes,* the appellant had received a judgment that was illegally lenient by having his sentences run concurrently instead of consecutively.[4] We held that he was estopped from complaining of the illegal sentence because "[a] defendant who has enjoyed the benefits of an agreed judgment prescribing a too-lenient punishment should not be allowed to collaterally attack that judgment on a later date on the basis of the illegal leniency." *Id.* at 892. The applicant had agreed to the concurrent sentencing and "then through his own conduct he helped procure and benefit from the illegality and he should not now be allowed to complain." *Id.*

In contrast to that case, Applicant is not estopped from complaining of an illegal sentence here. The record is silent as to Applicant's knowledge of the impropriety of the enhancement. Further, when Applicant entered the plea agreement, the

---

4. The defendant in *Rhodes* was sentenced to serve two additional felony convictions, for escape and theft, while he was serving time in prison for two previous felonies. *Rhodes,* 240 S.W.3d at 884. The defendant's escape sentence provided that it was to run concurrent with the theft conviction. *Id.* However, Texas Code of Criminal Procedure Article 42.08 states that such sentences must run consecutively. *Id.*

State had abandoned the first enhancement paragraph, and only the second enhancement paragraph remained. Thus, Applicant pled guilty to a third-degree felony enhanced by one prior conviction, for which the appropriate punishment range was two to twenty years' imprisonment. TEX. PENAL CODE §§ 12.33(a), 12.42(a)(3) (2009). The punishment term bargained for, fifteen years, is within that range, so Applicant did not benefit from a "too-lenient" plea agreement. To assume that Applicant benefitted from the terms of the plea agreement because the State could have re-pled proper enhancements, potentially subjecting Applicant to a minimum sentence of 25 years under the habitual offender provision,[5] is to engage in speculation regarding the various considerations that might have factored into the plea bargaining and agreement. Accordingly, Applicant is not estopped from raising his illegal-sentence claim.

### III. ILLEGAL SENTENCE

Turning to the merits of Applicant's claim, I believe that Applicant has shown that he is entitled to relief because his sentence is illegal due to the improper use of a state-jail felony for enhancement. This is true even though other convictions were available at the time of sentencing that could have been properly used for enhancement.

A claim of an illegal sentence is cognizable on a writ of habeas corpus. *Ex parte Rich*, 194 S.W.3d 508, 511 (Tex.Crim.App. 2006). A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim.App.2003); *see Ex parte Pena*, 71 S.W.3d 336, 337 n. 1 (Tex.Crim.App.2002) ("A 'void' or 'illegal' sentence is one that is not authorized by law."); *Ex parte Seidel*,

39 S.W.3d 221, 225 n. 4 (Tex.Crim.App. 2001) (explaining that a punishment exceeding the statutory maximum renders the judgment void because it is illegal); *see also Ex parte Beck*, 922 S.W.2d 181, 182 (Tex.Crim.App.1996).

Applicant's sentence, entered into pursuant to a plea-bargain agreement, is illegal. State-jail-felony convictions cannot be used to enhance the punishment of a third-degree felony. TEX. PENAL CODE § 12.42(a)(3) (2009); *Campbell v. State*, 49 S.W.3d 874, 878 (Tex.Crim.App.2001). Consequently, in this case, the third-degree-felony offense of theft was illegally enhanced with Applicant's prior state-jail-felony conviction for theft. The statutory punishment range for a third-degree felony (unenhanced) is two to ten years' imprisonment. *Id.* § 12.34(a). Applicant's sentence of fifteen years exceeds the statutory maximum and, thus, is unlawful.

When parties have bargained for an illegal sentence, the appropriate remedy is to return the parties to the positions occupied prior to the plea agreement because the error in the indictment affected the entire criminal proceeding. *Rich*, 194 S.W.3d at 514–15; *Beck*, 922 S.W.2d at 182. As we explained in *Rich*,

[W]hen a plea-bargain agreement calls for a sentence much greater than that authorized by law, we must allow the defendant to withdraw his plea because there is no way of knowing whether the State would have offered a plea bargain within the proper range of punishment that he deemed acceptable, or whether he would have decided to proceed to trial. Furthermore, resentencing alone is not sufficient in this instance because by "attack[ing] the sentence he received and for which he bargained, [Applicant]

---

5. *See* TEX PENAL CODE § 12.42(d).

is attacking the entire judgment of conviction."

*Id.* (quoting *Shannon v. State,* 708 S.W.2d 850, 851 (Tex.Crim.App.1986) (holding that "the idea that error is 'punishment error' only is incompatible with the negotiated plea and we therefore disavow such analysis in this specific area")). Therefore, we should allow Applicant to withdraw his plea and remand the case to the trial court.

At the time Applicant entered the plea agreement, he had three prior felony convictions that could have been used to enhance Applicant's third-degree felony. *See* TEX. PENAL CODE § 12.42(a)(3), (d) (2009). However, this fact does not cure the illegality of Applicant's plea-bargained sentence. Generally, a habeas applicant must demonstrate harm to receive relief. *See Ex parte Tovar,* 901 S.W.2d 484, 486 (Tex. Crim.App.1995). Our notions of due process support that Applicant was harmed in this instance when the "stars aline" as they have—this is a plea-bargain case for an illegal sentence in which the State concedes that there is no evidence that Appellant knew that he was agreeing to an illegal sentence, and the question of ineffective assistance of counsel is not before us.

The majority concludes that *Rich* stands for the proposition that "an applicant is not harmed by an illegal sentence when the appellate and habeas records show that there was another conviction that could properly support the punishment range within which he was sentenced." *See* Maj. Op. at 536. However, the applicant in *Rich* did not have any prior felony convictions that could have been properly substituted. How can a case stand for a proposition that was not even before the

Court? Unlike *Rich,* the pertinent facts are before the Court in this case, and under these facts, the parties certainly should be returned to square one. The State should be required to do its job of presenting proper evidence of valid enhancements, and the defendant should have an opportunity to contemplate possible defenses to that evidence.

In *Brooks,* we held that "prior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment—although it is permissible and perhaps preferable to do so." *See Brooks v. State,* 957 S.W.2d 30, 34 (Tex. Crim.App.1997). While we no longer require that an indictment contain the enhancement allegations, the defense must be put on reasonable notice concerning the State's intent to prove facts necessary for the enhancement. *Villescas v. State,* 189 S.W.3d 290, 293 (Tex.Crim.App.2006). This notice requirement is rooted in due process. *Id.* (citing *Oyler v. Boles,* 368 U.S. 448, 452, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962)). As this Court has explained,

> The accused is entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation of a trial of the question of whether he is the named convict therein.[6]
>
> . . .
>
> This averment is necessary in order to give the accused notice that a greater penalty is to be sought than for a first offense, and to enable him to take issue thereon, and if possible show there is a mistake in identity, or that there was no final former conviction or the like.[7]

Here, prior to entering into his plea-bargained agreement, Applicant was put

---

**6.** *Hollins v. State,* 571 S.W.2d 873, 875 (Tex. Crim.App.1978) (quoting *Morman v. State,* 127 Tex.Crim. 264, 75 S.W.2d 886 (1934)).

**7.** *Id.* at 876 (quoting *Palmer v. State,* 128 Tex.Crim. 293, 81 S.W.2d 76, 79 (1934)).

on notice only that the State intended to enhance his punishment with the two state-jail-felony convictions alleged in the indictment. Applicant was not notified of the potential enhancement use of his felony convictions, so to allow the State to substitute in those felony convictions to cure his illegal plea-bargained sentence would be contrary to notions of due process.[8]

The majority contends that "[t]he State's response to his application provided him notice of the State's intent to support the propriety of his sentence with his other prior convictions." *See* Maj. Op. at 538. But any post-conviction notice cannot serve the same role as pre-plea notice. If the State is permitted to rely upon unpleaded enhancement allegations in post-conviction challenges, the procedures by which such allegations are tested become essentially optional. *See Wilson v. State,* 671 S.W.2d 524 (Tex.Crim.App.1984) ("The state has the burden of proof to show the prior conviction was a final conviction under the law and that appellant was the person previously convicted of that offense."); *see also Fletcher v. State,* 214 S.W.3d 5, 9 (Tex.Crim.App.2007) (holding that the State cannot satisfy its burden to prove the final disposition of an appeal from an enhancement conviction by re-

questing that a court of appeals take judicial notice of a mandate because doing so would deprive the defendant of the opportunity to rebut the State's evidence and allow the State to circumvent its burden at trial). And permitting the State to go beyond the pleadings allows the State to perpetually reopen and freshly litigate additional sentencing enhancements that it failed to properly plead at the outset.

Moreover, although the majority is correct that in a direct-appeal context, a defendant's "due-process rights are not violated by post-guilt, pre-punishment-phase notice of the State's intent to enhance his punishment with a prior conviction," applying that concept to this case ignores the critical distinction between trial and plea-bargain cases. Unlike a trial in which there are separate guilt and punishment phases, "once the guilty plea is entered, the procedure becomes a 'unitary trial' to determine the remaining issue of punishment. Therefore, in a unitary trial where a defendant has pled guilty there exists no per se 'punishment phase.'" *Carroll v. State,* 975 S.W.2d 630, 631 (Tex.Crim.App. 1998) (citations omitted).

## IV. CONCLUSION

Therefore, I believe that Applicant is entitled to relief. It is clear to me that Applicant has shown that the notions of

---

**8.** Further, despite the majority's assertion that Applicant cannot prove that he suffered harm, in a similar situation in *Ex parte Hall,* 546 S.W.2d 303 (Tex.Crim.App.1977), this Court "decline[d] to hold that the error in using a void prior conviction for enhancement is rendered harmless where the evidence reflects that there is another prior conviction which could have been used." In that case, the prior conviction used for enhancement was void because the appellant had not been represented by counsel, and thus, that prior conviction could not have been used for enhancement. *Id.* at 304. We explicitly rejected the State's argument that "where an accused's sentence could have been enhanced

to life by another prior valid felony conviction, any error in using an invalid one is deemed harmless in post-conviction habeas corpus proceedings." *Id.* And in doing so, we relied on *White v. State,* 500 S.W.2d 529 (Tex. Crim.App.1973) for the proposition that "to be used for enhancement of punishment ... the prior convictions must be alleged." *Hall,* 546 S.W.2d at 304–05; *see also White,* 500 S.W.2d at 530 (stating that it cannot be "presupposed that the jury will find the enhancement allegations [not alleged in the indictment] true. It could well be that the jury would find the enhancement allegations untrue....").

due process require that we allow Applicant to withdraw his plea. For these reasons, I respectfully dissent.

Rehearing denied.

MEYERS, J., filed a statement dissenting to the denial of Applicant's Motion for Rehearing.

MEYERS, J., dissenting.

The majority agrees that the enhancement was improper, yet failed to grant Applicant habeas relief based on an illegal-sentence claim. This decision and the subsequent denial of Applicant's motion for rehearing means that Applicant will continue to serve an illegal sentence based on an improper enhancement and a flawed prior conviction. Failing to correct this mistake when we had the chance is irresponsible, and requiring Applicant to prove harm as a basis for relief has opened the door to analyze other illegality claims in this manner. What is really troubling is that a valid double jeopardy claim resulting from the imposition of multiple sentences for the same conduct, which would normally render a sentence illegal, will now be subject to a harm analysis.[1] Harm is not the correct measure for determining illegality. A harm analysis is used after error has been found. It is entirely inappropriate to use such analysis for jurisdictional issues, illegal-sentence claims or double-jeopardy claims involving multiple sentences for one act. In this case there is no final judgment and Applicant is still serving an illegal sentence.

With these comments, I respectfully dissent.

---

1. I cannot envision a scenario in which we would ever grant relief by applying a harm analysis to a claim of double jeopardy based on an individual being punished twice for the same conduct.